UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA CAMACHO, individually,

    Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,    **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff MARIA CAMACHO alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant FOCUS RECEIVABLES MANAGEMENT, LLC.  Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff MARIA CAMACHO is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

6. Defendant FOCUS RECEIVABLES MANAGEMENT, LLC ("Focus Receivables Management") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 1130 N. Chase Parkway, Suite 150, Marietta, GA 30067; Plaintiff further alleges that Focus Receivables Management is a citizen of the State of Georgia.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff previously incurred a consumer debt to Sylvan Learning Centers.

10. This debt was incurred for primarily personal, family, and household reasons: to wit, educational services for her minor children.

11. Sylvan Learning Centers subsequently engaged Defendant Focus Receivables Management to attempt to collect the aforementioned debt.

12. Defendant subsequently discovered the Plaintiff's cellular telephone number and began placing repeated automated telephone collection calls to her.

13. Upon answering any of these calls, the Plaintiff was always greeted by an automated, machine-operated voice message, or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

14. On July 22, 2014, Defendant called the Plaintiff and left the following pre-recorded message on Plaintiff's cellular telephone voicemail system: "Two. Once again that number is 1-866-664-2512. Thank you."

15. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 F.C.C.R. 14014, 14091-92 (2003).

16. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

17. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

18. Plaintiff incorporates paragraphs 1 through 17 herein.

19. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff MARIA CAMACHO, requests that the Court enter judgment in favor of Plaintiff and against Defendant FOCUS RECEIVABLES MANAGEMENT, LLC for:

    a.    $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.    $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.    litigation expenses and costs of the instant suit; and

    f.    such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff incorporates paragraphs 1 through 17 herein.

21.    Defendant violated the FDCPA in its July 22, 2014 voicemail by failing to disclose that the caller was a debt collector as required by 15 U.S.C. § 1692e(11). See *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

WHEREFORE, Plaintiff MARIA CAMACHO, requests that the Court enter judgment in favor of Plaintiff and against Defendant FOCUS RECEIVABLES MANAGEMENT, LLC for:

    a.    actual damages;

    b.    statutory damages of $1,000.00;

    c.    attorney's fees, litigation expenses, and costs of the instant suit, and;

    d.    such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 4th day of August, 2014.

                                        BRET L. LUSSKIN, Esq.
                                        *Attorney for Plaintiff*
                                        20803 Biscayne Blvd., Ste 302
                                        Aventura, Florida 33180
                                        Telephone: (954) 454-5841
                                        Facsimile: (954) 454-5844
                                        blusskin@lusskinlaw.com

                               By:  /s/ Bret L. Lusskin, Esq.
                                          Bret L. Lusskin, Esq.
                                          Florida Bar No. 28069